UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION AND RETIREMENT FUND, et al. v.          5:05-CV-1395 (NAM/GJD)
LINDEN MOTOR FREIGHT CO., INC.

_____

VINCENT M. DeBELLA, ESQ. Attorney for Plaintiffs

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Norman A. Mordue, Chief Judge. (Dkt. No. 10).  On November 22, 2006, Chief Judge Mordue granted a default judgment in favor of plaintiffs in their action against defendant for payment of withdrawal liability in connection with defendant's withdrawal from a multi-employer pension plan. *Id.*  Plaintiffs, the New York State Teamsters Conference Pension Fund and its trustees (Pension Fund), brought suit pursuant to the Employee Retirement Income Security Act of 1974 (ERISA) as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. §§ 1381 *et seq.*[1]

The court assumes familiarity with Chief Judge Mordue's order.  As stated in that order, the defendant failed to make interim payments as required under the MPPAA. (Dkt. No. 10 at 4).  Notwithstanding the defendant's failure to appear and answer, and the court's default judgment, the court must conduct a separate inquiry

---

[1] On September 26, 1980, Congress amended ERISA, 29 U.S.C. §§ 1001 *et seq.* by enacting the MPPAA, 29 U.S.C. §§ 1381 *et seq.*

regarding the amount of damages due to plaintiffs. *Id.* (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).  Chief Judge Mordue's decision also referred a consideration of plaintiffs' request for a permanent injunction regarding the rest of the interim payments that would come due after the court's order.

Thus, on December 4, 2006 this court ordered plaintiffs' attorneys to file the appropriate documentation, including affidavits in support of their claim for damages. (Dkt. No. 11).  Plaintiffs complied with this court's order on January 12, 2007. (Dkt. No. 12).  This court determined that no in-person hearing was necessary, and the issues could be decided on the papers submitted by plaintiffs.  Due to the backlog of cases in this court, I was not able to review the documents immediately, and on December 19, 2007 and October 1, 2008, plaintiffs filed amended affidavits, containing updated calculations of the total damages due and owing in this case. (Dkt. Nos. 13, 14).

In *New York State Teamsters Conference Pension and Retirement Fund v. Parlor City Contracting*, 96-CV-362, 1997 U.S. Dist. LEXIS 19829, *9-14 (N.D.N.Y. Dec. 7, 1997), District Judge Howard G. Munson outlined the method by which damages are calculated in withdrawal liability cases.  Judge Munson stated that the statute provides for plaintiff to recover unpaid contributions; interest paid on the unpaid contributions; an additional amount equal to the greater of another interest calculation (referred to as "double interest") or liquidated damages at the contractual rate; reasonable attorneys fees and costs; and other proper relief.  *Id.* at *11 (citing 29 U.S.C. § 1132(g)(2); *Parise v. Riccelli Haulers, Inc.*, 672 F. Supp. 72, 75 (N.D.N.Y.

1987)).

Judge Munson further stated that the percentage of interest is generally the rate adopted by the Board of Trustees, calculated from the due date of the first payment that was not timely made to the date of the court's order. *Id.* at *11-12 (citing 29 U.S.C. § 1399(e)(5)(A)). Judge Munson also discussed the concept of "double interest," stating that the plaintiff would be entitled to an amount equal to the greater of either the interest on the unpaid contributions or liquidated damages provided for under the pension plan in an amount not in excess of 20%. *Id.* at *13 (citing 29 U.S.C. § 1132(g)(2)(C)(i)-(ii)). If the amount of the interest on the unpaid contributions is higher than the liquidated damages, then the plaintiff essentially receives "double interest." *Id.* Finally, the plaintiff would also be entitled to attorneys fees and costs[2] as well as post-judgment interest pursuant to 28 U.S.C. § 1961(a).

With this standard in mind, this court will turn to the calculations submitted by plaintiffs in this case. The court notes that plaintiffs have followed the methodology outlined in the statute and discussed by Judge Munson in *Parlor City Contracting Co., Inc., supra.*

This court agrees with the figures submitted by plaintiffs. They have now submitted the proper documentation, including affidavits. The original documents contained the affidavit of David E. Menter, Executive Administrator of the Pension Fund, attesting to the method of damage calculation. (Dkt. No. 12). The last

---

[2] The issue of attorneys fees and costs has not been referred to me, and will be considered by Chief Judge Mordue.

supplemental affidavit filed by plaintiffs covered only the amounts due up to September 19, 2008. (Dkt. No. 14). Thus, this court has recalculated the totals according to the same formula in order to add the additional damages accrued from September 19, 2008 to December 19, 2008. The court has added the new numbers to the numbers as listed in plaintiff's "Second Amended Statement of Amount Due," utilizing the same format for clarity as follows:

> A. 54 outstanding withdrawal liability interim payments through December 19, 2008, each in the amount of $ 98,363.41 pursuant to 29 U.S.C. §§ 1399(c)(2) & (5)     $ 5,311,624.14
>
> B. 11% annual interest on each outstanding interim payment through December 19, 2008 pursuant to 29 U.S.C. §§1132 (g)(2)(B) & (E)     $ 1,338,971.85
>
> C. Additional interest ("double interest" calculation) pursuant to 29 U.S.C. §§ 1132(g)(2)(C)(i)     $ 1,338,971.85
>
> D. Prejudgment interest at **$ 1,600.73** per diem, (***if necessary***), from December 19, 2008, calculated as 11% of the total amount owed in (A) above as of December 19, 2008 divided by 365.[3]
>
> E. Attorneys fees and costs to be determined by Chief Judge Mordue pursuant to his November 22, 2006 order. (Dkt. No. 10).
>
> F. Post-Judgment interest pursuant to 28 U.S.C.

---

[3] This prejudgment interest will apply if Chief Judge Mordue adopts this recommendation after December 19, 2008 and before the next monthly payment plus interest is due.

§ 1961(a).

Plaintiffs have also requested a permanent injunction. (Second Amended Statement of Amount Due at ¶ (G)).  Although their latest submission stated that they were seeking "future" payments from September 19, 2008, since this court has updated the calculations, this injunction would cover future payments from December 19, 2008.  The monthly amount of the future payments is the same as the original monthly payment of $ 98,363.41,[4] except for the last payment, due on December 19, 2010 in the amount of $ 76,354.19. *Id.*  Plaintiffs are entitled to the injunction since they have prevailed by default in this action, and the total amount of the liability is not contested.

The court notes that since defendant has failed to appear, and the court is adopting plaintiffs' calculations in their entirety and recommending that the court grant the injunctive relief plaintiff requested, this recommendation should be sent to Chief Judge Mordue without the normal waiting period for objections.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the court adopt the calculations as set forth by plaintiffs in their affidavit and supporting documents with the updated calculations as set forth above, and it is further

**RECOMMENDED**, that the plaintiffs be granted a permanent injunction,

---

[4] The court notes that this amount was calculated based upon the total amount of withdrawal liability that was calculated by the fund and listed as the Employer Liability Payment Schedule, attached to the May 18, 2004 "Notice and Demand for Payment of Employer Withdrawal Liability" letter from Executive Administrator David E. Menter to Joe Gellegher of Linden Motor Freight Co., Inc. Plaintiffs' Ex. A at p.9-11 (Dkt. No. 12).

directing the defendant to remit all future payments from December 19, 2008 in the amount of $ 98, 363.41 per month, with a final payment on December 19, 2010 of $ 76,354.19, pursuant to 29 U.S.C. §§ 1399(c)(2) and (5), and it is

**ORDERED**, that this recommendation be immediately sent to Chief Judge Norman A. Mordue for his consideration without the normal waiting of ten (10) days, and it is further

**ORDERED**, that notwithstanding the immediate referral of this recommendation to Chief Judge Mordue, the parties still have the opportunity to object to the recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c).  Generally, the parties have ten days within which to file written objections. Objections are filed with the Clerk of the court, and the failure to object precludes appellate review**.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

However, because of the court's immediate referral to the District Judge, if plaintiffs wish to object to this report, counsel should *immediately* contact Chief Judge Mordue's chambers.

Dated: December 17, 2008

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge