UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION AND RETIREMENT FUND, et al.,

                              Plaintiffs,

      v.                                     5:05-CV-1395
                                                      (NAM/GJD)

LINDEN MOTOR FREIGHT CO., INC.,

                              Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

Paravati Karl Green & Dibella            Peter P. Paravati, Jr., Esq.
12 Steuben Park                               Vincent M. DeBella, Esq.
Utica, New York 13501
*Attorneys for Plaintiffs*

**Norman A. Mordue, Chief U.S. District Judge**

ORDER

     The above matter comes to me following a Report-Recommendation by Magistrate Judge Gustave J. DiBianco, duly filed on the 17th day of December 2008.  Following immediate referral of the Report-Recommendation from the Magistrate Judge and after careful review of all of the papers herein, including the Magistrate Judge's Report-Recommendation and the parties having been notified to file **immediately** any objections and the Clerk having sent me the file, and no objections having been submitted thereto, it is hereby

     ORDERED, that:

     1.  The Report-Recommendation is hereby approved.

     2.  The Clerk is directed to enter judgment in plaintiffs' favor and against defendant Linden Motor Freight Co., Inc., as follows:

    A.    54 outstanding withdrawal liability interim payments through December 19, 2008, each in the amount of $98,363.41 pursuant to 29 U.S.C. §§ 1399(c)(2) & (5) totaling $ 5,311,624.14; plus

    B.    11% annual interest on each outstanding interim payment through December 19, 2008, pursuant to 29 U.S.C. §§1132 (g)(2)(B) & (E) totaling $ 1,338,971.85; plus

    C.    Additional interest ("double interest" calculation) pursuant to 29 U.S.C. §§ 1132(g)(2)(C)(i) totaling $1,338,971.85

for a total judgment of $7,989,567.70.

    3.    The plaintiffs' motion for a permanent injunction is granted and defendant is directed to remit all future payments from December 19, 2008, in the amount of $ 98, 363.41 per month, with a final payment on December 19, 2010 of $ 76,354.19, pursuant to 29 U.S.C. §§ 1399(c)(2) and (5).

    4.    The Court shall reserve decision on the amount of attorney's fees and costs to be awarded plaintiffs' pending submission of complete and updated evidence from plaintiffs' counsel on this on or before January 9, 2009.[1]

---

[1] As of July 2006, plaintiffs requested attorney's fees in the amount of $11,124.00 and costs in the amount of $299.00. Pursuant to 29 U.S.C. § 1132(g)(2), plaintiffs are entitled to recover attorney's fees and costs associated with their efforts to collect the delinquent contributions and deductions. The Second Circuit adopted the lodestar method to determine the amount of attorney's fees to be awarded in ERISA actions. *See Onondaga County Laborers' Health, Welfare, Pension, Annuity and Training Funds v. Sal Masonry Contractors, Inc.*, No. 91-CV-0466, 1992 WL 75051, *6 (N.D.N.Y. April 7, 1992) (citations omitted). Pursuant to the lodestar method, the Court must multiply the compensable hours by the reasonable rate, then make any necessary adjustments upwards or downward. *See id.* The lodestar figure must be based on current, prevailing market rates. *See I.B.E.W. Local 910 Welfare, Annuity, and Pension Funds v. Dexelectrics, Inc*., 98 F.Supp. 2d 265, 274 (N.D.N.Y. 2000). The fee applicant has the burden of establishing a reasonable rate, as well as the number of hours worked. *See Onondaga County*, 1992 WL 75051, at *6. The lodestar rate for attorneys in the Northern District of New York is dependent upon experience and years of practice. *See I.B.E.W. Local 910*, 98 F.Supp.2d at 275 (citations omitted). Since there is no information in attorney Paravati's affidavit concerning the identities of the persons identified in the billing records of plaintiffs' counsel or the experience and years of practice of the billing attorneys, the Court cannot make a determination concerning the amount of attorney's fees and costs to be awarded to plaintiffs at this time.

5. The Clerk shall serve a copy of this Order upon all parties and the Magistrate Judge assigned to this case.

IT IS SO ORDERED.

Dated: December 19, 2008
      Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge