UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEW YORK STATE TEAMSTERS CONFERENCE
PENSION AND RETIREMENT FUND, by its Trustees
John Bulgaro, Gary Staring, Ronald G. Lucas,
Daniel W. Schmidt, James M. Tucker, Thomas K. Wotring,
J. Dawson Cunningham and Michael S. Scalzo, Sr.,

                      **Plaintiffs,**

           vs.                                  5:05-CV-1395 (NAM/GJD)

LINDEN MOTOR FREIGHT CO., INC.

                      **Defendant.**
_____

APPEARANCES:                            OF COUNSEL:

Paravati, Karl, Green & DeBella           Peter P. Paravati, Esq.
12 Steuben Park
Utica, New York 13051-2992
Attoney for Plaintiffs

**Norman A. Mordue, Chief U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

      On December 19, 2008, the Court entered judgment in favor of plaintiffs New York State Teamsters Conference Pension and Retirement Fund and its Trustees in their action against defendant Linden Motor Freight Co., Inc., for payment of withdrawal liability in connection with defendant's withdrawal from a multi-employer pension plan. The Court awarded judgment in the amount of $7,989,567.70 for outstanding withdrawal liability interim payments, annual interest, and additional interest. Because plaintiffs did not submit information regarding the identity or experience of the attorneys involved in this case, the Court reserved decision on plaintiffs' request

for an award of attorneys' fees pending receipt from plaintiffs' counsel of complete and updated evidence on this issue. Having received an affidavit from plaintiffs' counsel in support of the application for attorneys' fees and costs, the Court grants plaintiffs' application.

## DISCUSSION

Plaintiffs are statutorily entitled to recover reasonable attorneys' fees and costs associated with their efforts to collect the delinquent contributions and deductions pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(2)(D). Plaintiffs request $22,526.00 in attorneys' fees and $390.00 in costs through October 1, 2008. Plaintiffs submit detailed time records which the Court has reviewed and finds reasonable. They demonstrate that 92.55 attorney hours were spent on this matter.

Plaintiffs request reimbursement of attorney hours at $200 per hour for all work completed from 2004 through January 31, 2007, and $280 per hour for all work completed from February 1, 2007 to present. With respect to hourly fees, the Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008). The Court notes that plaintiffs' attorneys, Peter P. Paravati, Jr., Esq. and Vincent M. DeBella, Esq. have extensive experience and expertise in this field of litigation. Due to the nature of the claims in this case, a substantial amount of expertise, time, and labor was required to pursue the claims successfully. Here, the attorneys have succeeded in obtaining judgment recovering $7,989,567.70 for plaintiffs. The importance of this particular case lies in recovering a significant amount of benefits for the affected employees, as well as conveying the message to employers and workers that the ERISA

requirements will be enforced. In light of these factors and the Court's own knowledge of the rates prevailing in the legal community, the Court finds that the rates requested in this case are reasonable. There is no evidence warranting a different result.

Accordingly, the award of attorneys' fees is $8,470 (42.35 x $200) for attorneys' fees from 2004 through January 31, 2007, $14,056 (50.20 x $280) for attorneys' fees from February 1, 2007 to present, plus $390 in costs for a total of $22,916 in attorneys' fees and costs.

## CONCLUSION

It is therefore

**ORDERED** that plaintiffs are awarded attorneys' fees and costs for the sum of $22.916.

**IT IS SO ORDERED.**

Date: July 20, 2009

Norman A. Mordue
Chief United States District Court Judge

3